# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs December 8, 2011

## JAMES P. HURT v. STATE OF TENNESSEE

**Appeal from the Chancery Court for Hickman County**
**No. IICV4353    Timothy L. Easter , Chancellor**

---

**No. M2011-01158-COA-R3-CV - Filed February 8, 2012**

---

Inmate filed petition seeking review of decision of prison disciplinary board convicting him of various disciplinary offenses. Trial court dismissed petition for failure to comply with Tenn. Code Ann. § 27-8-106. Finding that the trial court did not err in dismissing the Petition, we affirm the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

James P. Hurt, Wartburg, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Bill Young, Solicitor General; and Mark A. Hudson, Senior Counsel, for the appellee, State of Tennessee.

## MEMORANDUM OPINION[1]

Petitioner, James Hurt, an inmate of the Tennessee Department of Corrections proceeding *pro se*, filed a sworn petition for writ of certiorari on February 4, 2011 in Hickman County Chancery Court seeking review of his conviction by the Turney Center Disciplinary Board of assault and participating in security threat group activity. Prior to an

---

[1] Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

answer or other responsive pleading being filed, Mr. Hurt filed a motion to amend the petition by adding the following statement: "THIS IS PETITIONER'S FIRST APPLICATION FOR THE WRIT." After securing an extension of time to file a responsive pleading, Respondents filed a Tenn. R. Civ. P. 12.02(1) motion to dismiss the petition for lack of subject matter jurisdiction, asserting that the petition did not state that it was the first application for the writ, as required by Tenn. Code Ann. § 27-8-106. The trial court granted the motion and dismissed the petition, holding that "the Petition does not state that it is the Petitioner's first application for the writ as required by Tenn. Code Ann. § 27-8-106." Mr. Hurt appeals.

Mr. Hurt did not include the particular language required by Tenn. Code Ann. § 27-8-106[2] in the original petition and failed to verify the statement in the motion to amend his petition. The statement in the motion to amend, treated as an amendment to the petition,[3] must stand on its own and was required to be verified.

The judgment of the trial court dismissing the petition is AFFIRMED.


_____
RICHARD H. DINKINS, JUDGE

---

[2] Tenn. Code Ann. § 27-8-106 states:

The petition for certiorari may be sworn to before the clerk of the circuit court, the judge, any judge of the court of general sessions, or a notary public, and shall state that it is the first application for the writ.

[3] Although Mr. Hurt filed a motion to amend the petition, the motion was unnecessary, as Tenn. R. Civ. P. 15.01 allows a pleading to be amended as a matter of course at any time prior to a responsive pleading being served.